T.C. Memo. 1997-307

UNITED STATES TAX COURT

DEAN G. STEELE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14897-96.                    Filed July 2, 1997.

Dean G. Steele, pro se.

Blake Ferguson and Timothy Lohrstorfer, for respondent.

MEMORANDUM  OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]  Respondent determined a deficiency in

_____

[1]  All section references are to the Internal Revenue Code
in effect for the year at issue.  All Rule references are to the
(continued...)

petitioner's 1993 Federal income tax in the amount of $5,302 and additions to tax pursuant to sections 6651(a) and 6654(a) in the amounts of $1,326 and $224, respectively. The issues for decision are: (1) Whether petitioner is liable for taxes on nonemployee compensation and interest income earned by him in 1993; (2) whether petitioner is liable for additions to tax for failure to file a return and failure to pay estimated tax; and (3) whether petitioner is subject to a penalty under section 6673(a)(1).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Lakeland, Florida, at the time the petition was filed.

For the year ended December 31, 1993, petitioner earned the following amounts of nonemployee compensation from the following sources:

| Source of Compensation | Amount |
| --- | --- |
| Phoenix Home Life Mutual | $918 |
| Phoenix Home Life Mutual | 5,703 |
| Mutual of Omaha Insurance Co. | 14,399 |
| Protective Life Insurance Co. | 924 |
| Total | 21,944 |

Petitioner earned the following amounts of interest from the following sources during the year ended December 31, 1993:

---

[1](...continued)
Tax Court Rules of Practice and Procedure.

| Source of Interest | Amount |
|---|---|
| Publix Employee Federal Credit Union | $334 |
| Lexington Federal | 11 |
| Total | $345 |

Petitioner did not file a Federal income tax return for the taxable year ended December 31, 1993.

Petitioner argues that the income tax is not a direct tax but an excise tax. He further suggests that the excise tax is a tax on taxable activities and that the terms "excise tax" and "privilege tax" are synonymous. He concludes that respondent has not submitted any evidence that petitioner has engaged in any "privileged activities resulting in the requisite amount of income to incur a tax liability for 1993".

We begin by noting that respondent's determinations are presumed correct, and petitioner bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Petitioner did not file a Federal income tax return for the taxable year 1993. Respondent determined, and petitioner has agreed, that petitioner earned nonemployee compensation and interest income in 1993. This Court, as well as other Federal courts, has consistently and uniformly held for many years that

compensation is income.  E.g., <u>Beard v. Commissioner</u>, 793 F.2d 139 (6th Cir. 1986), affg. per curiam 82 T.C. 766 (1984); <u>Coleman v. Commissioner</u>, 791 F.2d 68, 70 (7th Cir. 1986); <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986); <u>Olson v. United States</u>, 760 F.2d 1003, 1005 (9th Cir. 1985); <u>United States v. Burton</u>, 737 F.2d 439, 441 (5th Cir. 1984); <u>Gattuso v. Pecorella</u>, 733 F.2d 709, 710 (9th Cir. 1984); <u>Funk v. Commissioner</u>, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506; <u>Lonsdale v. Commissioner</u>, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981).

Petitioner's arguments are basic protester rhetoric.  As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  We need not say any more.

Respondent's determination with respect to the deficiency and additions to tax is sustained.

We now consider respondent's motion for an award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for

delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, supra at 71. Petitioner's position, as set forth in the petition, as well as in the other documents that petitioner submitted, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies may have been delayed.

Finally, we are convinced that petitioner is, and was at the time that he filed his petition, well aware of the provisions of section 6673(a), as demonstrated by the references to that section in correspondence between petitioner and respondent which

was attached to respondent's motion.  Nevertheless, petitioner chose to ignore well-established precedent of this and other Federal courts and pursue instead his protest agenda.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $1,500.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

To reflect the foregoing,

An appropriate order and

decision will be entered.